SUMMARY ORDER

Petitioner Sandra Earle, a native and citizen of Jamaica, seeks review of a May 17, 2004 order of the BIA affirming the January 23, 2003 decision of Immigration Judge (“IJ”) Alan A. Vomacka finding Earle inadmissible and ordering her removed to Jamaica. In re Sandra Earle, No. A 41 454 486 (B.I.A. May 17, 2004), aff'g No. A 41 454 486 (Immig. Ct. N.Y. City Jan. 23, 2003). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
“When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination.” Aslam v. Mukasey, 537 F.3d 110, 114 (2d Cir.2008) (per curiam). Because Earle has been convicted of a controlled-substance offense, we lack jurisdiction to review her petition, except to the extent she presents constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D); Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 151 (2d Cir.2006).
Earle raises one legal claim: that the criminal offense stop-time rule in 8 U.S.C. § 1229b(d)(1)(B) does not apply retroactively to offenses committed before the rule took effect. We recently rejected this argument in Martinez v. I.N.S., 523 F.3d 365 (2d Cir.2008), in which “we conclude[d] that applying § 1229b (d)(1)(B) to [the petitioner’s pre-enactment] offense would not produce an impermissible retroactive effect,” id. at 377. Earle acknowledges that Martinez controls this case, but she argues that Martinez was wrongly decided. We decline to reconsider our decision in Martinez.
For the foregoing reasons, the petition for review is DENIED.